UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Roger E. Turk,

Plaintiff,

vs.

WRR Northwest Enterprises Co., Inc.,

Defendant.

Civil Action No. 00-464 (DSD/JMM)

**STIPULATED ORDER OF DISMISSAL**

---

Based upon the Settlement Agreement attached hereto and the stipulation of the parties in this action,

IT IS HEREBY ORDERED that the above-entitled action is dismissed with prejudice and on the merits, and without costs to either party.

Dated: 4/25/01

The Honorable David S. Doty
U.S. District Court Judge

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

FILED 4-25-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. 4-25-01
Deputy Clerk's Initials ______

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Roger E. Turk,

Plaintiff,

vs.

WRR Northwest Enterprises Co., Inc.,

Defendant.

Civil Action No. 00-464 (DSD/JMM)

**SETTLEMENT AGREEMENT**

THIS AGREEMENT is made, entered into, and effective as of the date on which it has been executed by both parties, by and between Roger E. Turk, an individual residing at S 12819 County Road I, Eleva, Wisconsin 54738 (hereinafter "Turk") and WRR Northwest Enterprises Co., Inc. with its principal offices at 5100 State Road 93, Eau Claire, Wisconsin 54701 (hereafter referred to as "Northwest").

**RECITALS**

WHEREAS, Turk and Northwest are parties to that certain lawsuit identified as Civil Case No. 00-464 (DSD/JMM) pending in the United States District Court for the District of Minnesota (hereinafter "the Action") in which Turk has asserted against Northwest claims of infringement of U.S. Patent No. 5,894,689 (hereinafter "the '689 Patent" or "said Patent"); and



FILED ____________
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

WHEREAS, Northwest has filed pleadings in the aforesaid Action denying the allegations of patent infringement made by Turk and furthermore asserting claims of invalidity of the '689 Patent and breach of contract relating to the allegedly infringing devices manufactured and/or sold by Northwest; and

WHEREAS, the parties are now desirous of settling any and all differences between them relating to the Action.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein, the receipt and sufficiency of which are mutually acknowledged, the parties agree as follows:

1. As used herein, the designation "Northwest" shall be understood to include and jointly refer to WRR Northwest Enterprises Co., Inc. and all of its divisions, affiliates, and/or subsidiaries.

2. As used herein, the designation of "Devices" shall include the twenty allegedly infringing devices the sale of which is documented in Exhibit B and the PW22 Pro-Wing device as shown in Exhibit C.

3. Northwest shall pay to Turk the total sum of Four Thousand Dollars ($4,000), in full, within ten (10) days after this Agreement has been executed by both parties, in full settlement of any and all claims asserted or which may have been asserted against Northwest or its customers relating to the Devices manufactured and/or sold by Northwest between October 1, 1996 and the date of this Agreement.

4. Turk hereby releases and forever discharges Northwest, including all its officers, employees and agents, and each of them, from any and all claims of infringement of the '689 Patent based on the manufacture and/or sale of the Devices.

5. Upon receipt of the payment specified in Paragraph 3 herein, Turk and Northwest shall cause counsel to promptly file a voluntary dismissal with prejudice of the Action in accordance with the terms of the Stipulated Order of Dismissal attached hereto as Exhibit A.

6. Northwest hereby represents that the devices listed on the attached Exhibit B ("Known Devices") are the only devices known to Northwest, based upon a reasonable inquiry, which have been manufactured by, or on behalf of, Northwest since October 1, 1996 and up to the date of this agreement. Northwest acknowledges that the aforesaid representation is material to Turk's acceptance of the terms of this agreement.

7. Turk represents and warrants that he has full right and power to enter into this Agreement and to grant the covenant not to as sue set forth in Paragraph 8 of this Agreement. Turk acknowledges that the aforesaid representation is material to Northwest's acceptance of the terms of this Agreement.

8. Turk hereby grants Northwest, including its officers, employees and agents, customers and each of them, a covenant not to sue under the '689 Patent as such patent relates to the Devices manufactured and/or sold by Northwest and identified on Exhibits B and C. Turk also grants a covenant not to sue Northwest, including its officers, employees

and agents, customers and each of them, under the '689 Patent as it relates to the manufacture and/or sale prior to the date of this Agreement of any additional devices of the same design and in excess of the Devices identified in Exhibit B, and Turk agrees that his remedy in the event that additional devices are discovered is limited to that set forth in Paragraph 9 herein. This covenant not to sue also extends to future manufacturing and/or sale of the Device described in Exhibit C. This covenant not to sue shall not extend to the manufacture, use, offer for sale or sale of additional devices not identified herein and falling within the scope of the '689 Patent.

9. Turk and Northwest further agree that if any devices have been manufactured by Northwest or according to specifications provided by Northwest since October 1, 1996 to the date of this Agreement in addition to the Devices disclosed in Exhibit B, Northwest will pay to Turk a royalty under the '689 Patent of 150 percent of the sales prices of such devices for each newly discovered additional device. If such sales prices are not separately identified in any sale of a plow and accessories, then a reasonable allocation of the total sales price should be made to the device. To the extent no sales price for such device can be reasonably determined, the royalty for that device shall be $225.00. The specified royalty shall be due and owing within thirty days of written notification to Northwest by Turk of any such excess devices. Should Northwest refuse to pay such royalty after written notification by Turk, and a court or other tribunal determines that such refusal was without right, Turk shall be entitled to his reasonable attorneys' fees and costs related to his representation

before a court or other tribunal, in addition to the above-specified royalty. Should Northwest, upon written notification, provide to Turk written evidence of documents showing that the alleged device is one of the Devices in Exhibits B, then in the event of a determination by a court or other tribunal that such refusal was as a matter of right, Northwest shall be entitled to its reasonable attorneys' fees related to its representation before a court or other tribunal.

10. Northwest agrees to be enjoined as of the date of this Agreement from further manufacture, use, sale or offers for sale of plow wings or other devices that infringe the '689 Patent. Northwest further agrees that, should a court or other tribunal determine that it has violated this injunction by making, using, selling, or offering for sale a device that infringes the '689 Patent, Turk will be entitled to recover his reasonable attorneys' fees and costs in addition to any proven damages from Northwest. Should infringement, however, result solely from Northwest's resale of devices purchased through an arms-length agreement from an unrelated third-party entity with whom Northwest has no involvement or collaboration relating to such device's design or specification, Turk's right to attorneys' fees shall be determined by 35 U.S.C. § 285 or any other applicable statute. Nothing within this paragraph shall prohibit Northwest from continuing to manufacture, use, offer for sale, or sell the Device identified in Exhibit C or other devices falling outside the scope of the '689 Patent.

11. This Agreement shall inure to the benefit of, and be binding upon, the parties hereto and their respective heirs, divisions, subsidiaries, affiliates, assigns, representatives, and successors-in-interest. This Agreement and the rights and duties set forth herein may not be assigned by Northwest, in whole or in relevant part, except through any successor in interest to the business and goodwill of Northwest, or any division, subsidiary or affiliate of Northwest, or except by the express, written consent of Turk, which consent shall not be unreasonably withheld.

12. Turk hereby releases and forever discharges Northwest, including all of its officers, employees, agent and customers, and each of them, from any and all claims of infringement of the '689 Patent based upon the manufacture, use, offer for sale, and/or sale of devices which occurred prior to October 1, 1996.

13. By executing this Agreement, neither party shall be deemed to have admitted liability, waived any defenses, or acquiesced in or agreed to the position of the other party. This Agreement constitutes the entire agreement between the parties hereto relating to the subject matter hereof and incorporates all prior negotiations, representations, or agreements, either written or oral, between the parties or their predecessors or agents. No additions to or modifications of this Agreement shall be effective unless contained in a written document signed by both parties. Each party shall bear his or its own attorneys' fees and costs.

14. If any provision of this Agreement is determined to be invalid or unenforceable, the validity and enforceability of the remaining provisions shall be unaffected.

15. This Agreement may be executed in duplicate originals, each of which when fully executed shall be deemed to be one and the same instrument.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the latter date indicated opposite to the parties' respective signatures.

WRR NORTHWEST ENTERPRISES CO., INC.

Dated: 3/28/01 By: [signature]

Title: Executive Vice President

Dated: 4 10-01 By: [signature]

Roger E. Turk



1197093.3

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Roger E. Turk,

Plaintiff,

vs.

WRR Northwest Enterprises Co., Inc.,

Defendant.

Civil Action No. 00-464 (DSD/JMM)

**STIPULATED ORDER OF DISMISSAL**

---

Based upon the Settlement Agreement attached hereto and the stipulation of the parties in this action,

IT IS HEREBY ORDERED that the above-entitled action is dismissed with prejudice and on the merits, and without costs to either party.

Dated:____________________

____________________________________
The Honorable David S. Doty
U.S. District Court Judge

EXHIBIT A

1197093.3

## Turk Plow Wings

| | Customer | Date | Price |
|---|---|---|---|
| 1 | Champion Auto Stores | 12/15/97 | $175.00 |
| 2 | Car City Honda | 01/14/98 | $200.00 |
| 3 | Snowaway Plowing | 01/14/98 | $100.00 |
| 4 | Village of Colfax | 01/16/98 | $200.00 |
| 5 | River Valley Power & Equipment | 01/19/98 | $200.00 |
| 6 | Gaehke concrete | 01/30/98 | $175.00 |
| 7 | Gaehke concrete | 01/30/98 | $165.00 |
| 8 | Regis High School | 09/24/98 | $150.00 |
| 9 | Gaehke concrete | 10/13/98 | $100.00 |
| 10 | Gaehke concrete | 10/13/98 | $100.00 |
| 11 | Steve Hollingsworth | 12/29/98 | $150.00 |
| 12 | H&H Motors | 02/01/99 | $175.00 |
| 13 | Randy J. Lahr | 05/17/99 | $150.00 |
| 14 | Dave Potts | 05/18/99 | $130.00 |
| 15 | Jim Carter Ford | 11/09/99 | $265.00 |
| 16 | M&T Premium Lawn Care | 11/18/99 | $150.00 |
| | | | **$2,585.00** |

| | | | |
|---|---|---|---|
| Devine Auto Body | 12/31/97 | $175.00 | Returned for credit CEVIRE AUTO BODY |
| Eau Claire Cycle | 01/29/98 | $200.00 | Returned for credit E.C CYCLE |
| Tony Luck | 01/29/98 | $175.00 | Returned for credit TONY LUCK |
| Swim Rite Pools | 02/01/99 | $175.00 | Returned for credit SWIM RITE |

**EXHIBIT B**

1197093.3

# PW22 PRO-WING INSTALLATION INSTRUCTIONS

## PRO-WING BILL OF MATERIAL

| | | |
|---|---|---|
| 1. | 2- DRIVER SIDE PIN BRACKETS | 0020400 |
| 2. | 2- CURB SIDE PIN BRACKETS | 0020300 |
| 3. | 6- QUICK PINS | 0020600 |
| 4. | 2- 5" X 5" SQUARE WASHER | 0020700 |
| 5. | 1- DRIVER SIDE WING | 0020100 |
| 6. | 1- CURB SIDE WING | 0020200 |
| 7. | 2- RUBBER EDGES | 0020500 |
| 8. | 1- HARDWARE BAG | 0020800 |

## HARDWARE BAG CONTENTS

1. 4- 7/8" WASHERS
2. 4- 5/8" WASHERS
3. 4- CARRIAGE BOLTS 1/2"
4. 4- HEX NUT 1/2"
5. 8- 3/8" X 1" CAPSCREWS
6. 4- 3/8" X 2-3/4" CAPSCREWS
7. 8- 3/8" NUTS
8. 8- 3/8" LOCKWASHERS

BEFORE INSTALLING PLEASE CHECK TO SEE THAT ALL PARTS IN BOTH BILLS OF MATERIAL HAVE BEEN RECEIVED TO PREVENT ANY COMPLICATIONS DURING INSTALLATION.




U.S. PATENT NO. 4-962-600

**EXHIBIT C**

1197093.3